SARAH A. GOOD (No. 148742)
ROBERT T. CRUZEN (No. 203658)
DERRICK H. ROBINSON (No. 226291)
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone:  415/434-1600
Facsimile:  415/217-5910

Attorneys for Plaintiff
RAYMOND SILVA LOPEZ

BILL LOCKYER
Attorney General
ROBERT R. ANDERSON
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
JAY C. RUSSELL (No. 122626)
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
Telephone:  415/703-5717
Facsimile:  415/703-5843

Attorneys for Defendants

RECEIVED
JAN 1 0 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
JAN 2 0 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RAYMOND SILVA LOPEZ,

            Plaintiff,

v.

JOE McGRATH, TERESA SCHARTZ, R. KIRKLAND, DWIGHT W. WINSLOW, ACEL K. THACKER, T.A. WOOD, T.T. EDWARDS, D. KRENZ, CARDOZA, L. M. WILLIAMS, M. DIXON, D.J. KAYS, JOHN DOE ("A" facility sergeant on date of 4-20-02), JOHN DOE ("A" facility sergeant on date of 3-17-02),

            Defendants.

No. C 04 4782 MHP

STIPULATION REGARDING CONFIDENTIAL INFORMATION AND STIPULATED REQUEST FOR ISSUANCE OF A PROTECTIVE ORDER; [PROPOSED] ORDER

STIP. RE CONFIDENTIAL INFO. & REQ. FOR PROT. ORD.          NO. C 04 4782 MHP

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Raymond Silva Lopez ("Plaintiff") and Defendants Joe McGrath, Teresa Schartz, R. Kirkland, Dwight W. Winslow, Acel K. Thacker, T.A. Wood, T.T. Edwards, D. Krenz, Cardoza, L. M. Williams, M. Dixon, and D.J. Kays ("Defendants") hereby stipulate and agree that this STIPULATION REGARDING CONFIDENTIAL INFORMATION AND STIPULATED REQUEST FOR ISSUANCE OF A PROTECTIVE ORDER ("Stipulation Regarding Confidentiality and Order") shall govern the discovery and production of confidential information and materials. The parties acknowledge that this Stipulation Regarding Confidentiality and Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## DISCOVERY OF PROTECTED INFORMATION

### A. Scope

1. The Stipulation Regarding Confidentiality and Order shall apply to the production and exchange of all documents, testimony, interrogatories, admissions, and other information, including without limitation, expert reports, produced or exchanged by the parties and all nonparties in the course of this action, which the producing party designating the materials reasonably and in good faith believes to contain confidential information ("Protected Information"), regardless of whether such production or exchange is made informally or pursuant to formal discovery requests or mechanisms.

### B. Definitions

2. Protected Information may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the manner provided in Paragraph 6.

3. Protected Information designated as "CONFIDENTIAL" is information that, in the good faith belief of the designating party, contains any confidential information that has not been previously made available to the public by the designating party.

4. Protected Information designated as "ATTORNEYS' EYES ONLY" is

information that qualifies as CONFIDENTIAL pursuant to this order and whose disclosure to another party or non-party, in the good faith belief of the designating party, would create a substantial risk of serious injury that could not be avoided by less restrictive means. The parties anticipate that such Protected Information will comprise extremely sensitive CONFIDENTIAL information.

### C. Designation Of Protected Information

5. Each party or non-party that designates information or items for protection under this order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the designating party to sanctions. If it comes to a party's or non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

6. A designating party shall designate information that it considers to be Protected Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in the following manner and at the following times:

    a. For documents, on each page of each document to which the designation applies, at the time of production;

    b. For tangible items, on the object or its container, or if impracticable, by other reasonable means, at the time of production;

1    c.  For declarations, affidavits and written discovery responses, on both the
2 face of such document and on any particular page of such document to which the
3 designation applies, at the time of service; and
4    d.  For deposition testimony, at the request of the party whose
5 CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed, the court
6 reporter shall mark the face of the transcript and each page to which the designation applies.
7 Such request shall be timely if made on the record during the course of the deposition, or
8 within ten (10) business days after receipt of a copy of the transcript of the deposition.
9 Whether or not any designation is made at the time of a deposition, all deposition transcripts
10 shall be treated as ATTORNEYS' EYES ONLY until such ten (10) business day period
11 expires, after which time, only such portions of the transcript designated as
12 CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be protected by the terms and
13 conditions of this Stipulation Regarding Confidentiality and Order.  If a designating party
14 specifies designations during the ten (10) business day period, the first page and each page
15 of each copy of such deposition shall be marked with the applicable designation.
16 Notwithstanding the foregoing, if any employee, agent, consultant, representative or any
17 other person affiliated with a party to this agreement who is not qualified to receive
18 CONFIDENTIAL or ATTORNEYS' EYES ONLY information under Paragraphs 13 or 14,
19 respectively, attends a deposition at which such Protected Information is disclosed, then the
20 designating party must designate the specific testimony or information containing
21 CONFIDENTIAL or ATTORNEYS' EYES ONLY information on the record at the
22 deposition.  The designating party shall have the right to exclude such person(s) from the
23 deposition during the period such Protected Information is disclosed or discussed.
24   7.  A party may make available certain of its files for inspection by the other party,
25 which files may contain Protected Information, as well as non-confidential material.
26 Following such inspection, the inspecting party may designate documents to be copied and
27 the copies furnished or produced to it.  In order to protect all Protected Information
28 contained in the files produced for inspection, all documents made available for such


HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
A Professional Corporation

inspection shall be assumed to be ATTORNEYS' EYES ONLY. When the inspecting party designates the documents it wishes copied, the producing party will mark appropriate documents as either CONFIDENTIAL or ATTORNEYS' EYES ONLY according to Paragraph 6 and then provide copies of the designated documents to the inspecting party.

8. If any Protected Information is included with or the content thereof is in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the court, such information shall be filed in sealed envelopes or other appropriate sealed containers on which shall appear the information required by Local Rule 79-5.

9. The failure of any party to comply with the requirements of this Stipulation Regarding Confidentiality and Order for the submission to the court of documents containing Protected Information shall not affect the status of that information as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Upon learning of a violation of this Order by any other party, any party may make an application or motion for an order provisionally or permanently sealing any documents believed to contain Protected Information.

### D. Confidentiality Undertaking

10. Prior to disclosing or providing copies of any Protected Information to any expert or consultant, the person or party making such disclosure shall first obtain the agreement of the expert or consultant to whom such disclosure will be made to be bound by the terms of this Stipulation Regarding Confidentiality and Order as set forth in the "Undertaking of _____ Regarding Protective Order" ("Undertaking"), attached hereto as Exhibit "A." In addition, prior to making such disclosure, the person or party making such disclosure shall obtain from said expert or consultant an executed copy of the Undertaking signed by the expert or consultant. The party retaining said expert or consultant shall retain the executed Undertaking signed by the expert or consultant and provide it to the other party upon a prima facie showing that Protected Information has been misused.

11. Counsel for the parties to whom Protected Information has been furnished shall

be responsible for restricting disclosure in accordance with the provisions of this Stipulation Regarding Confidentiality and Order.

### E. Use Of Confidential Information

12. Protected Information shall be maintained in confidence according to the terms of this Stipulation Regarding Confidentiality and Order, may be disclosed only as provided in Paragraphs 13 and 14, and shall be used solely in the preparation, prosecution or trial of this action, including any appeal and retrial, and shall not be used or disclosed for any other purpose, including in any administrative or other judicial proceeding, except by subpoena or court order. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Stipulation Regarding Confidentiality and Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order, and (d) request such person or persons to execute the Undertaking that is attached hereto as Exhibit A.

13. Unless otherwise ordered by the court or permitted in writing by the designating party, Protected Information designated as CONFIDENTIAL may be disclosed to the following persons only:

    a. the Court, its officers, and clerical staff;

    b. outside counsel of record for the respective parties and their associates, clerks, paralegals, legal assistants, secretaries, and other legal personnel;

    c. outside counsel not of record that are or become signatories to this Stipulation Regarding Confidentiality and Order;

    d. non-party support services including outside copying services, document imaging and database services, and graphics or design services in connection with their rendering such services;

    e. the parties in this action to whom disclosure is reasonably necessary for

1  purposes of this litigation,

2      f.    consultants or expert witnesses, and their respective staff personnel;

3      g.    jury or trial consulting services;

4      h.    court reporters who report a deposition or other testimony, statement or
5  argument in connection with this action;

6      i.    during their depositions, witnesses in the action to whom disclosure is
7  reasonably necessary; or

8      j.    any person not identified in this Paragraph who authored or received such
9  Protected Information, or is shown by appropriate foundation to have previously reviewed
10  such Protected Information, other than through a violation of the terms of this Stipulation
11  Regarding Confidentiality and Order.

12      14.    Unless otherwise ordered by the court or permitted in writing by the designating
13  party, Protected Information designated as ATTORNEYS' EYES ONLY may be disclosed
14  to the following persons only:

15      a.    the Court, its officers, and clerical staff;

16      b.    outside counsel of record for the respective parties and their associates,
17  clerks, paralegals, legal assistants, secretaries, and other legal personnel;

18      c.    non-party support services including outside copying services, document
19  imaging and database services, and graphics or design services in connection with their
20  rendering such services;

21      d.    consultants or expert witnesses, and their respective staff personnel;

22      e.    jury or trial consulting services;

23      f.    court reporters who report a deposition or other testimony, statement or
24  argument in connection with this action; or

25      g.    any person not identified in this Paragraph who authored or received such
26  Protected Information, or is shown by appropriate foundation to have previously reviewed
27  such Protected Information, other than through a violation of the terms of this Stipulation
28  Regarding Confidentiality and Order.

   h. In no event, and under no circumstances, will documents designated as "ATTORNEYS' EYES ONLY" be provided to, shown, discussed or otherwise communicated to Plaintiff, any CDCR inmate or any parolee.

  15. In all respects, the parties shall abide by the provisions of Local Rule 79-5 in the use of Confidential Information.

  16. Protected Information shall not be copied or reproduced for use in this action except to the extent that such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order. All such copies or reproductions shall be stamped in accordance with Paragraph 6.

**F. Efforts By Third Parties to Obtain Protected Information**

  17. If a party has obtained Protected Information under the terms of this Stipulation Regarding Confidentiality and Order and receives a subpoena or other compulsory process commanding the production of such Protected Information, that party shall promptly notify the producing party, furnish a copy of the subpoena, and cooperate with respect to any procedure sought to be pursued by the party whose interests may be affected. The party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. The party receiving the subpoena or other compulsory process shall not produce any Protected Information in response to the subpoena without the prior written consent of the producing party, unless in response to an order of a court of competent jurisdiction.

  18. The party receiving the subpoena or other compulsory process will not object to the producing party having a reasonable opportunity to appear in the litigation or process seeking disclosure of the producing party's Protected Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

**G. Information Designated Improperly**

  19. Nothing in this Stipulation Regarding Confidentiality and Order is intended to place or places any restriction on information in the following categories, notwithstanding

that a designating party has designated the same or similar information as Protected Information:

    a. Any information that at time of the disclosure to a non-designating party is in the public domain;

    b. Any information that after disclosure to a non-designating party becomes part of the public domain as a result of a publication not involving a violation of this Stipulation Regarding Confidentiality and Order;

    c. Any information that a non-designating party can show was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party; or

    d. Any information that a non-designating party can show was independently developed by persons without access to the designating party's Protected Information.

20. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

21. If any non-designating party objects to the designation of Protected Information by a designating party, the non-designating party shall request in writing that the designating party remove or change its designation. Such notice shall specify with particularity the material that is deemed to have been improperly designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and the reason why such material should not be designated as such. The non-designating party and designating party will then attempt in good faith to resolve the objection(s). Within ten (10) business days of the receipt of such written request, the designating party shall respond in writing by either withdrawing or changing the designation as requested, or explaining the basis for its refusal to do so. If the designating party fails to so respond, or refuses to withdraw or change the designation, the party challenging the designation may move the Court in writing for an order removing or

1 changing the designation within ten (10) business days of receipt of the designating party's
2 response. The designating party shall bear the burden of showing that the CONFIDENTIAL
3 or ATTORNEYS' EYES ONLY designation is appropriate. During the pendency of such a
4 motion (and any appeals), the non-designating party shall maintain the disputed documents
5 or information as originally designated by the designating party.

6     22. If a party inadvertently discloses any document or thing, or if a non-party
7 discloses any document or thing, containing Protected Information without designating it as
8 CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with Paragraph 6, the
9 party contending that the document or thing contains Protected Information shall, within
10 twenty (20) days of the disclosure (or later if good cause is demonstrated providing a reason
11 for the delay), inform the receiving party in writing and indicate the appropriate designation.
12 The receiving party shall thereafter treat the information as designated under this Stipulation
13 Regarding Confidentiality and Order. To the extent such information may have been
14 disclosed to persons other than authorized persons described in this document, the receiving
15 party shall make every reasonable effort to retrieve the information promptly from such
16 persons and to avoid any further disclosure to non-authorized persons.

17     23. Nothing in this Stipulation Regarding Confidentiality and Order shall prevent a
18 party from using any Protected Information at a trial or hearing, but the manner in which
19 Protected Information is to be disclosed at a trial or hearing will be determined by the Court.
20 If a non-designating party contemplates disclosing Protected Information at any trial or
21 hearing, it shall notify the designating party of the information that may be disclosed. The
22 parties will work in good faith to minimize such potential disclosure and agree on an
23 appropriate procedure to protect such information, subject to the Court's assistance and
24 acceptance.

25     24. This Stipulation Regarding Confidentiality and Order shall apply to all Protected
26 Information designated as such in accordance with it, whether produced before or after the
27 date of entry of the Order.
28

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

**H. Other**

25. Any nonparty producing documents or things in the course of this action that it deems contain Protected Information may designate the documents or things as such in accordance with Paragraph 6 and otherwise avail itself of the provisions of this Stipulation Regarding Confidentiality and Order, provided that the nonparty first agrees in writing to be bound by the terms set forth herein.

26. Within forty-five (45) days after the entry of a final non-appealable judgment or order of dismissal as to all parties and claims, each party shall at the option of the designating party either return to the designating party or destroy all documents received from a designating party and designated as Protected Information, and shall destroy all other documents containing or reflecting such Protected Information; provided, however, that counsel to each party may each retain one complete set of correspondence, pleadings and any exhibits thereto, including discovery responses, documents produced, motions, briefs trial exhibits and other attorney work product. The provisions of this Stipulation Regarding Confidentiality and Order restricting the use of Protected Information produced hereunder shall continue to be binding after the conclusion of this litigation. A party may, however, seek the written permission of the designating party or further Order of the Court to dissolve or modify this Stipulation Regarding Confidentiality and Order. Counsel shall certify to the return or destruction of all Protected Information within the forty-five (45) day period.

27. Nothing in this Stipulation Regarding Confidentiality and Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Stipulation Regarding Confidentiality and Order with respect to particular material designated hereunder.

28. Each of the firms and parties named above, by executing a copy of this Stipulation Regarding Confidentiality and Order, undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

| | |
|---|---|
| DATED: January 10, 2006. | SARAH A. GOOD<br>ROBERT T. CRUZEN<br>DERRICK H. ROBINSON<br>HOWARD RICE NEMEROVSKI CANADY<br>    FALK & RABKIN<br>A Professional Corporation<br><br>By: _____<br>         DERRICK H. ROBINSON<br><br>Attorneys for Plaintiff RAYMOND SILVA LOPEZ<br><br>BILL LOCKYER<br>ROBERT R. ANDERSON<br>FRANCES T. GRUNDER<br>JONATHAN L. WOLFF<br>JAY C. RUSSELL<br><br>By: _____<br>         JAY C. RUSSELL<br><br>Attorneys for Defendants |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: January 20, 2006

_____
HON. MARILYN HALL PATEL
U.S. District Judge

STIP. RE CONFIDENTIAL INFO. & REQ. FOR PROT. ORD.        NO. C 04 4782 MHP

- 11 -

28. Each of the firms and parties named above, by executing a copy of this Stipulation Regarding Confidentiality and Order, undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

DATED: December __, 2005.

SARAH A. GOOD
ROBERT T. CRUZEN
DERRICK H. ROBINSON
HOWARD RICE NEMEROVSKI CANADY
 FALK & RABKIN
A Professional Corporation

By: _____
       DERRICK H. ROBINSON

Attorneys for Plaintiff RAYMOND SILVA LOPEZ

1/10/2006

BILL LOCKYER
ROBERT R. ANDERSON
FRANCES T. GRUNDER
JONATHAN L. WOLFF
JAY C. RUSSELL

By: _____
       JAY C. RUSSELL

Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: December __, 2005

_____
HON. MARILYN HALL PATEL
U.S. District Judge

**EXHIBIT A**

UNDERTAKING OF _____ REGARDING PROTECTIVE ORDER.

I, _____, declare as follows:

1. My present employer is _____ and the address of my present employment is _____.

2. My present occupation is _____.

3. A copy of my curriculum vitae is attached hereto.

4. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

5. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purposes of this action, any information designated as "CONFIDENTIAL" including any summaries, charts, abstracts, or similar compilations of such information that I receive, review, or create in this action, except to the extent that such materials are or become public information in accordance with the Protective Order.

6. At the conclusion of this litigation, I will make all reasonable efforts to return all Protected Information, and summaries, abstracts, and indices thereof that come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party for whom I was employed or retained or acted as a witness.

1   7.   I hereby submit to the jurisdiction of the United States District Court, Northern
2   District of California, for the purpose of enforcement of this Protective Order.
3   Executed this day of _____, at _____.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

STIP. RE CONFIDENTIAL INFO. & REQ. FOR PROT. ORD.    NO. C 04 4782 MHP
- 13 -